IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44739

| | |
|---|---|
| In the Matter of Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) |
| | ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) 2017 Unpublished Opinion No. 438 |
| | ) |
| | ) Filed: April 19, 2017 |
| Petitioner-Respondent, | ) |
| | ) Stephen W. Kenyon, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOHN DOE (2017-2), | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Calvin H. Campbell, Magistrate.

Judgment terminating parental rights, affirmed.

Williams Law Office, Chtd.; Timothy J. Williams, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

_____

HUSKEY, Judge

John Doe appeals from the magistrate's judgment terminating his parental rights. Doe argues the magistrate erred when it terminated his parental rights. For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

John Doe is the father of A.M. In 2015, Doe left A.M. with individuals who were under investigation by the Idaho Department of Health and Welfare (Department) for the neglect of their own children. Due to these concerns, the State contacted Doe and requested that he complete a drug test. Doe agreed to a test on July 13, 2015, and admitted he recently smoked marijuana. Doe tested positive for methamphetamine and THC, and Doe later admitted he had

1

used methamphetamine. On July 15, 2015, the magistrate issued an order of removal and A.M. was placed into the custody of the Department.

On July 16, 2015, the parties participated in a shelter care hearing where the parties stipulated it was in the child's best interest to keep A.M. in the care of the Department. The magistrate entered a shelter care order on July 20, 2015, that ordered A.M. to be placed in the legal custody of the Department until the adjudicatory hearing. At the July 30, 2015, adjudicatory hearing, the parties again stipulated that due to an unstable home environment, it was in A.M.'s best interest to remain away from home and in the care of the Department. The magistrate entered a decree and order under the Child Protection Act on August 4, 2015, and A.M. was to remain in foster care. After the adjudicatory hearing, the parties developed a case plan for Doe. However, Doe did not complete his case plan and as a result, the State filed a motion to terminate Doe's parental rights.

On December 30, 2016, the magistrate issued a memorandum decision on the petition to terminate, wherein it terminated the parental rights of Doe. In the decision, the magistrate entered the following conclusions of law: (1) Doe neglected A.M. by not completing his case plan and by failing to provide a stable, safe, and appropriate home for a significant portion of A.M.'s life; and (2) it was in the best interest of A.M. that the parental rights of Doe be terminated. On January 12, 2017, the magistrate entered its final judgment to terminate the rights of Doe. Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a

court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Generally, Doe argues the magistrate's decision to terminate his parental rights should be reversed because he had seriously applied himself to the task of rehabilitation. More specifically, Doe asserts first, that the magistrate erred because it terminated his parental rights solely based on his recovery and rehabilitation from a serious drug problem. Second, Doe argues

3

incarceration is not, in and of itself, enough to provide a basis for termination. On appeal, Doe provides evidence of rehabilitation and argues that incarceration should not interfere with his rights as a parent.

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Idaho Code Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate did not err when it terminated the parental rights of Doe. Although we agree a court cannot terminate parental rights simply because a parent is rehabilitating from an addiction or only because a parent is incarcerated, the magistrate in this case did not focus solely on rehabilitation or incarceration when it found that Doe had neglected A.M. Instead, the magistrate cited six factors when it analyzed the extent to which A.M. was neglected: (1) failure to complete the case plan; (2) history of substance abuse; (3) failure to complete counseling; (4) failure to successfully complete probation; (5) lack of stable employment; and (6) lack of stable housing.

First, the magistrate found Doe did not make any meaningful efforts to participate in a case plan until approximately two months before the termination hearing, despite A.M. being in custody for almost fifteen months. The magistrate acknowledged that Doe was incarcerated and completed some courses and treatment required by the case plan. However, Doe made no plan to establish or demonstrate stable employment or housing. The magistrate acknowledged the progress Doe made in treatment, but analyzed the lack of a plan to maintain stable employment and housing. Second, the magistrate found that Doe had a thirteen-year history of substance abuse, including marijuana and methamphetamine usage. Due in part to the substance abuse, the magistrate determined Doe neglected A.M. since he left A.M. with inappropriate care providers,

4

failed to voluntarily cooperate with the State in the case, and caused A.M. to come into contact with methamphetamine.

Third, the magistrate found that Doe recently engaged in treatment for substance abuse, grief counseling, and thinking errors counseling through the Department of Correction while incarcerated. Fourth, the magistrate found that Doe violated terms of probation and the court took notice of Doe's jail sentence. Fifth, the magistrate determined Doe was unemployed when the case began and had a sporadic employment history that was impeded by Doe's continued incarceration and criminal behavior. Finally, the magistrate determined Doe lost his only housing when he was incarcerated and housing could be a significant problem in the future.

The magistrate's analysis also focused on Doe's addiction and the ways it impacted A.M. Doe argues on appeal that his parental rights should not be terminated because of his addiction when Doe was working to overcome the problem. The magistrate, however, did not terminate Doe's parental rights only because of addiction. The magistrate instead considered substance abuse as one of the factors in analyzing whether Doe neglected A.M., noting that Doe exposed A.M. to the substances Doe was using.

Similarly, incarceration was not the only reason the magistrate terminated Doe's parental rights. Although the incarceration impacted many of the factors at issue, it was not the only reason the magistrate determined A.M. was neglected. Only after it analyzed the relevant factors did the magistrate conclude there was clear and convincing evidence that Doe neglected A.M. by failing to provide proper parental care, control, and subsistence. We, therefore, find no error in the magistrate's decision to terminate the parental rights of Doe.

## IV.
## CONCLUSION

Substantial and competent evidence supports the magistrate's findings that Doe neglected A.M., and it was in the best interest of A.M. to terminate Doe's parental rights. The magistrate's judgment terminating Doe's parental rights is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.

5